McNULTY, Judge.
Appellee’s wife was injured in an automobile accident with a school bus. She and appellee sued in negligence and the jury returned a verdict in the sum of $57,500 for each. The trial judge, however, entered an order of remittitur reducing each verdict to $50,000. Appellants appeal the verdict and judgment in favor of the husband and he has cross-appealed from the remittitur, thus the verdict and judgment in favor of the wife and the order of remittitur thereon are not involved in this appeal at all.
A careful review of the record persuades us that there is no merit to appellants’ appeal, but we think appellee makes a valid point on his cross-appeal. The trial judge based his order of remittitur on § 234.-03(4), F.S.1969, F.S.A., which provides as follows:
“(4) Waiver of Immunity. — In consideration of the premium at which each policy shall be written it shall be a part of the policy contract between the company and the named insured that the company shall not be entitled to the benefit of the defense of governmental immunity for the insured by reason of exercising a governmental function on any suit brought against the insured. Immunity of the school board against liability damages is waived to the extent of liability insurance carried by the school board. Provided, however, no attempt shall be made in the trial of any action against a school board to suggest the existence of any insurance which covers in whole or *533 in part any judgment or award which may be rendered in favor of the plaintiff, and if a verdict rendered by the jury exceeds the limit of the applicable insurance, the court shall reduce the amount of said judgment or award to a sum equal to the applicable limit set forth in the policy.” (Italics ours.)
It undisputedly appears, of course, that ap-pellee Sarasota School District had purchased an appropriate policy of insurance. It further appears, as may be gleaned, that the limit of liability under such policy was $50,000, the amount of the judgment ultimately entered.
Appellee argues on his cross-appeal, however, that § 768.15, F.S.1969, F.S.A.,[1] applies rather than § 234.03(4), supra. The former section relates to a general waiver of sovereign immunity in all tort actions against the sovereign while the latter relates only to actions involving school board rolling stock. The former provides in material part as follows:
“(1) Waiver of Immunity. — The state, for itself and its counties, agencies, and instrumentalities, waives immunity for liability for the torts of officers, employees, or servants committed in the state. The state and its counties, agencies, and instrumentalities shall be liable in the same manner as a private individual, .
Jfc % % >fc Jfc
“(4) Remedies Cumulative. — The rights and remedies under this section are cumulative to all others.”
Clearly, this general statute is basically not inconsistent with § 234.03(4), supra. Indeed, by its express terms it is “cumulative” to “all other” rights and remedies one might have against the sovereign. These unquestionably include those granted by § 234.03(4), supra. There being no true inconsistency between the two, therefore, the fundamental rule of statutory construction, i.e., the pre-eminence of a specific statute vis a vis a general statute, is inapplicable, and we see no reason why § 768.15, supra, does not inure to the benefit of appellee. If it doesn’t mean this as it relates to “cumulative” remedies it doesn’t mean anything.
We hold, therefore, that § 768.15 applies here and that there is no statutory limit on the amount recoverable by appellee herein. Accordingly, the order of remittitur should be, and it is hereby, reversed; and the cause is remanded for reinstatement of the original verdict and for judgment thereon.
Affirmed in part and reversed in part.
MANN, C. J., and BOARDMAN, J., concur.

. This section was in effect on the date of the accident herein but was subsequently repealed by Ch. 69-357, Laws of Florida 1969, effective July 1, 1970.